The opinion of the court was delivered by
Gibson, J.
This judgment is erroneous. The defendant had not appeared; and at common law the plaintiff had no other means to compel him to appear than a suit on the bail bond; and when the defendant is not in court, a judgment against him is irregular. Then, was the judgment regularly taken under the act of the 21st of March, 1806? For it will not be pretended, that the case-falls within the act of 1724. The act of 1806 requires the plaintiff to file the statement of his cause of action on or before the third day of the term to which the writ is returnable; and here it was not filed until long after the term. By this the defendant lost a substantial benefit intended to be secured to him by the act; for as he was bound to file his counter-statement at least twenty days before the succeeding term, it was important to have all the time which the law allowed to prepare his defence: particularly as he was bound to be ready for trial at the second term. Here the statement was filed on the 27th of October, and judgment was signed on the 26th of November following, without the defendant being called on to plead, or make defence in any shape. This was clearly irregular. When a plaintiff suffers the time for filing his statement to elapse, I am far from saying he may not still proceed with the suit. He may compel the defendant to plead, as if he had declared at common law; but here the plaintiff has pursued neither the common law nor the act of assembly, and the judgment, therefore, cannot by any Construction be sustained.
Judgment reversed.